330 P.2d 706

Finley F. WILKINSON, Harold .N. Wilkinson and H. H. Wilkinson, Plaintiffs and Respondents,

v.

Carlos WOOD, Defendant and Appellant.

No. 8832.

Supreme Court of Utah.

Oct. 23, 1958.

Barclay & Barclay, Salt Lake City, for appellant.

George Fadel, Bountiful, for respondents.

WORTHEN, Justice.

Respondents brought action to require appellant to remove a wall constructed within and along the north boundary of a right of way conveyed by appellant to respondents. The case was submitted to the jury on special interrogatories, and from the judgment allowing the removal of a portion of said wall, and for nominal damages, the appeal was prosecuted.

Prior to November 30, 1953, the properties of respondents and appellant were separated by a strip of land owned by

one Charles O. Dunn, which strip was 160 feet in length from east to west and 11 feet in width from north to south, and which appellant had contracted to purchase together with land west of respondents' land. The respective parties are each owner of a garage building. A highway adjoins the east side of the properties and each building is set back from the highway between 25 and 30 feet.

The drawing shown discloses the properties involved, i. e., the garage buildings of respective parties and the right of way together with the real property purchased by respondents from appellant west of respondents' garage.

The surveyor testified that the physical location of the right of way was over the north 11 feet of the Wood property and that it comes right up to the Wilkinson line. Appellant testified that the right of way was measured and was intended to be over to the property line of Wilkinson.

In October, 1953, negotiations were had concerning the purchase of the right of way and of the Dunn property immediately west of the Wilkinson garage building. Following a re-survey some question arose as to the encroachment of the Wilkinson building on the Dunn property.

The respondents needed parking space for their own and customer cars and arranged with appellant to purchase a tract of land west of and adjacent to respondents' building. It was made to appear in the negotiations that there was no doorway or other opening through the west wall of respondents' building. It further appeared that respondents needed the right of way to take automobiles to and from the shop building which had a door on the east to the parking area in the rear. At the time of the purchase there was no obstruction to the use by respondents of the right of way for a distance of approximately 80 feet west of the highway.

It further appears that before the purchase of the rear property, the respondents were using the right of way to park vehicles in the rear. It likewise appeared that in getting to the rear property respondents, both before and after the deed was given, crossed over the north line of the right of way from their property. It further appears that respondents continuously used the right of way by entering the same from the respondents' lot on the north until the wall was erected.

The warranty deed to respondents describes the easement in the following terms:

"Together with a right of way over and through the following described property: * * * and running thence South 11 feet; thence West 160 feet; thence North 11 feet; thence East 160 feet * * *."

Respondents contended that appellant had always conceded that it was intended that respondents could enter upon the right of way directly over the north line thereof in order to get to the property in the rear. The testimony as to the need for the right of way together with the property to the west and the position of the structure on respondents' property strongly suggest that there was no restriction as to the point of entry, but that the parties intended it to be used as respondents contend.

The trial court submitted special interrogatories to the jury.

Interrogatory No. 1 and the answer were as follows:

"Do you find proven by the preponderance of the evidence that the defendant designated an access on the northeast side of the 'red area' and that the plaintiffs accepted the access, used it, and the defendant then blocked it without the plaintiffs having abandoned said access?

                         Yes

"Answer  Yes  ————

          "No   ————"

The "red area" mentioned in the foregoing interrogatory was the right of way which was marked in red on the certificate of survey received in evidence.

The court made findings of fact and conclusions of law upon the special findings of the jury.

The court found that the jury's answer to special interrogatories was reasonable and approved the same. The court specifically found in its finding of fact No. 2 as follows:

"2. In accordance with the verdict of the jury the court finds that the plaintiff had a right of access along the north boundary of the right-of-way; that the said access was blocked by the defendant, by the construction of a wall; that as a result of the blocking of the access by the defendant no damages resulted to the plaintiff up to the time of trial except nominal damages; that the exact location of the access so blocked was not fixed by the parties; that the location of the access should be fixed to begin at a point at the easterly end of the wall where the wall has an abrupt change in elevation and extending thence westerly 21 feet."

The court entered judgment in accordance with the findings as follows:

"That the Plaintiff has a right of access to said right-of-way through the area in which the Defendant constructed a block wall, for a width of 21 feet commencing at the easterly end of the wall at a point where the wall makes an abrupt change in elevation and extending westerly 21 feet."

The judgment permanently enjoined both parties from blocking or obstructing said right of way.

Appellant urges that the court erred:

(1) in submitting special interrogatory No. 1 to the jury.

(2) in its findings of fact and conclusions of law and judgment.

We are unable to agree with appellant. The court properly submitted to the jury the question as to whether or not appellant designated an access on the northeast side of the "red area" (right of way). We are of the opinion that the evidence, the relation of the respondents' front and rear property and the purpose for which respondents wished the west property, all of which was understood by appellant, would warrant the court or the jury in concluding that appellant designated an access across the north line of said right of way to respondents.

The court's findings of fact, conclusions of law and judgment were properly entered upon the jury's special finding.

Judgment affirmed. Costs to respondents.

McDONOUGH, C. J., and CROCKETT, J., concur.

WADE, Justice (concurring).

180

I concur with Mr. Justice WORTHEN'S opinion, but I think that the court should have gone further and ordered appellant to remove the entire wall which was without any legal justification built on the right of way which respondents purchased.

HENRIOD, J., concurs in the views expressed by WADE, J.